IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
August 31, 2010 Session

**PERFORMANCE FOOD GROUP OF GEORGIA, INC., d/b/a PFG MILTON'S, v. HEALTHLINK, LLC., HEALTHLINK SERVICES, LLC., v. HCC HEALTHCARE OF CHARLOTTE, LLC., et al.**

**Appeal from the Chancery Court for Bradley County**
**No. 06-167     Hon. Jerri S. Bryant, Chancellor**

**No. E2009-01532-COA-R3-CV - FILED OCTOBER 18, 2010**

Plaintiff brought this action against defendant for an unpaid debt. Both parties moved for summary judgment and the Trial Court granted plaintiff's summary judgment and denied defendant's summary judgment. On appeal, we affirm the Trial Court's decision.

**Tenn.  R. App. P.3 Appeal as of Right; Judgment of the Chancery Court Affirmed.**

HERSCHEL PICKENS FRANKS, P.J., delivered the opinion of the Court, in which  CHARLES D. SUSANO, JR., J., and.  JOHN W. MCCLARTY, J., joined.

Richard C. Rose, Chattanooga, Tennessee, for the appellant, Healthlink Services, LLC.

Chadwick B. Tindell and M. Todd Ridley, Knoxville, Tennessee, for the appellee, Performance Food Group of Georgia, Inc., d/b/a PFG Milton's.

**OPINION**

Plaintiff, Performance Food Group of Georgia, Inc. d/b/a PFG Milton's, filed a Complaint against HealthLink, LLC, alleging that HealthLink maintained a credit account with plaintiff for the purchase of goods, and that HealthLink's account was past due and had not been paid despite repeated demands for payment by plaintiff. Plaintiff alleged that defendant owed $45,929.67 as of June 24, 2005, and also sought collection costs, interest, and attorneys fees. Plaintiff attached a copy of the credit agreement to the Complaint.

HealthLink answered, denying that it owed plaintiff any money. Plaintiff then filed a Motion for Summary Judgment, and attached a Statement of Undisputed Material Facts, stating that HealthLink had executed a credit agreement with plaintiff, and identified various entities who could purchase goods on credit pursuant to the same. Plaintiff stated that the debt it was owed was due to purchases by Elizabeth Place Nursing Home, which was one of the facilities listed on HealthLink's credit agreement. Plaintiff stated that HealthLink paid timely for a number of years, but had failed to pay the existing debt. Plaintiff attached the credit agreement and its attached list of facilities, as well as an Affidavit from plaintiff's credit manager and records custodian.

HealthLink amended its Answer, and sought to add HCC Healthcare of Charlotte, LLC, Douglas Mittleider, and Park Village Rehab and Health, Inc., as third-party defendants, alleging that if Elizabeth Place Nursing Home ordered the goods in question then the third-party defendants would be responsible for same and not HealthLink.

Plaintiff's Motion for Summary Judgment was denied by the Trial Court, on the grounds that there were disputed issues of material fact. Plaintiff then filed a second Motion for Summary Judgment, and at that juncture Healthlink also filed a Motion for Summary Judgment, stating that HealthLink did not order the goods in question, and other responses.

Plaintiff then filed a third Motion for Summary Judgment and withdrew the second Motion for Summary Judgment. Plaintiff stated that it was withdrawing the Second Motion due to the discrepancy in the original affidavit, and was instead relying on the Supplemental Affidavit in its Third Motion. Plaintiff filed a Third Statement of Undisputed Material Facts, stating that HealthLink had identified a number of entities who were authorized to purchase goods from plaintiff on HealthLink's account, and that Elizabeth Place was one of those entities. Plaintiff stated the goods in question were ordered by Elizabeth Place, and that the ordinary course of business was for Elizabeth Place to order goods and HealthLink would pay for them.

Plaintiff also filed responses to requests for admissions filed on it by HealthLink, and admitted that there was no record of the name of the person who called in the order for Elizabeth Place, but that the goods were delivered to Elizabeth Place and signed for by an Elizabeth Place employee. Plaintiff attached copies of all the invoices detailing the goods that were delivered to Elizabeth Place.

The Court entered a Summary Judgment Order, granting summary judgment to plaintiff and denying HealthLink's Motion for Summary Judgment. The Court found that it was undisputed that the goods were delivered to Elizabeth Place, and that Elizabeth Place

was an authorized purchaser under the agreement, such that HealthLink would be liable to pay for same. The Court declared the Judgment to be final, and stated that it would not affect the third party claims. In its Memorandum Opinion, the Court noted that the agreement listed both HealthLink and Elizabeth Place as purchasers, and that Elizabeth Place accepted the goods, which constituted a purchase. HealthLink filed a Notice of Appeal.

The issues presented on appeal are:

1.      Did the Trial Court err in granting summary judgment to plaintiff, even though plaintiff did not show that the goods were purchased by HealthLink?

2.      Did the Trial Court err in denying summary judgment to HealthLink?

3.      Did the Trial Court err in enforcing an illegible agreement?

This is a breach of contract action, filed to recover the amounts due to plaintiff under the parties' agreement. The agreement provides: "Purchaser identified as such in the foregoing Customer Information and Credit Application ("Purchaser"), agrees that all purchases on open account made by Purchaser, or by any person representing himself to be an agent, employee, or representative of Purchaser, from PFG Milton's Foodservice Inc. . . . are subject to the following terms and conditions",which included that "all amounts due seller are payable in accordance with terms granted by seller", and that there could be services charges added to balances owing past thirty days, that seller could seek costs of collection, etc. As the Trial Court noted, the term "purchaser" is used in various places at the beginning of the agreement, including in the "Bill to" section, which lists HealthLink, and in the "Ship to" section, which says "see attached facility listing". It is undisputed that the attached facility listing included Elizabeth Place.

It was also undisputed that, in the normal course of dealings between these parties, the facilities listed on the attached list ordered goods from plaintiff, those goods were delivered to said facilities, plaintiff billed HealthLink for the goods, and HealthLink paid the bills. HealthLink argues that the parties' agreement states that HealthLink itself must order the goods in order to be liable for same, but the agreement lists both HealthLink and Elizabeth Place as purchasers. Moreover, it is undisputed that, during the years these parties dealt with one another, HealthLink never actually ordered any goods itself.

The Trial Court held that both HealthLink and the facilities listed on the attached list were purchasers, since the agreement has "purchaser name" attached to both. However, HealthLink argues that such was not the intent. The Court considered the parties' course of conduct in determining what the intent of the agreement was. *See Coble Systems, Inc., v.*

-3-

*Gifford Co.*, 627 S.W.2d 359 (Tenn. Ct. App. 1981). Singletary's Supplemental Affidavit unequivocally states that the parties' course of dealing for the past several years was that the facilities listed on the attached list would order goods from plaintiff, those goods would be billed to HealthLink, and HealthLink would pay for them. The affidavit also states that Elizabeth Place ordered the goods in question, just as they had done for years, that the goods were delivered to Elizabeth Place and signed for by an Elizabeth Place employee, and that plaintiff then billed the goods to HealthLink, as was their agreement. This proof was unrefuted by HealthLink, who filed no other affidavits or any documents to assert that Elizabeth Place did not, in fact, order these goods. Rather, HealthLink simply argued the goods had to be ordered by HealthLink itself, even though there was proof that this had never been done. Also, significantly, HealthLink did not produce any affidavits stating that HealthLink had ever actually ordered any goods from plaintiff.

HealthLink contends that plaintiff must show (1) the existence of an enforceable contract, (2) nonperformance of that contract that amounts to a breach, and (3) damages caused by the breach.

Plaintiff met its burden of proving that the parties had an enforceable contract (which HealthLink conceded), that it was breached by HealthLink's non-payment, and that there were monetary damages, via Singletary's supplementary affidavit. Once these facts were established, HealthLink (as the non-moving party) was required to produce evidence of specific facts establishing that genuine issues of material fact existed. HealthLink did not, however, come forward with any affidavits or other evidence to show that any of these material facts were disputed. As such, the Trial Court properly granted summary judgment to plaintiff.

For the foregoing reasons, summary judgment was properly denied to HealthLink, and HealthLink's issue regarding the legibility of the agreement is moot, as HealthLink conceded that the agreement was valid, and quoted the pertinent parts from it in multiple documents.

We affirm the Judgment of the Trial Court and remand to the Trial Court for further proceedings consistent with this Opinion. The cost of the appeal is assessed to HealthLink, LLC.

_____
HERSCHEL PICKENS FRANKS, P.J.

-4-